

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 3, 1963

Col. Homer Garrison, Jr.　　　　Opinion No. C-152
Director
Texas Department of Public　　　Re: Multiple leases of com-
　Safety　　　　　　　　　　　　　　mercial vehicles in intra-
Austin, Texas　　　　　　　　　　　state and interstate
　　　　　　　　　　　　　　　　　　commerce under the pro-
　　　　　　　　　　　　　　　　　　visions of Article 6701c-1,
　　　　　　　　　　　　　　　　　　Vernon's Civil Statutes,
　　　　　　　　　　　　　　　　　　and multiple lessees in
　　　　　　　　　　　　　　　　　　leases under the provisions
　　　　　　　　　　　　　　　　　　of Article 6701c-1, Vernon's
Dear Col. Garrison:　　　　　　　Civil Statutes.

　　　　In your letter of August 14, 1963, you requested an
opinion of this office on the following questions:

　　　　"1.　When a lease between A (the regis-
　　　tered owner) and B (the lessee) covering the
　　　operation of a commercial motor vehicle has
　　　been accepted for filing by the Department
　　　of Public Safety, can the Department then ac-
　　　cept a second lease on the same motor vehicle
　　　from B (who becomes owner but not registered
　　　owner) and C (who becomes the lessee) for
　　　intrastate operation?

　　　　"2.　In view of the Interstate Commerce
　　　Commission rules and regulations governing
　　　leasing and interchanging of equipment,
　　　would your answer be the same as for our
　　　question number 1 if B subleased the motor
　　　vehicle to C for interstate operation?

　　　　"3.　Can the Department accept for filing
　　　a lease in which two lessees (separate business
　　　organizations or corporations) are indicated?"

　　　　Article 6701c-1, Section 3, Vernon's Civil Statutes,
provides as follows:

　　　　"When any such lease, memorandum, or
　　　agreement, as required by Section 2 of this

-736-

Act, shall have been filed with the Department of Public Safety covering the operation of any commercial motor vehicle or truck-tractor, no further such lease, memorandum, or agreement covering the operation of the same commercial motor vehicle or truck-tractor may be accepted by the Department of Public Safety for filing until the existing lease, memorandum, or agreement shall have expired in accordance with its own terms or there shall have been filed with the Department of Public Safety a full release thereof."

The language of the statute is explicit and provides that the Department of Public Safety "cannot accept" a second lease for filing covering the operation of any commercial motor vehicle or truck-tractor:

". . . . until the existing lease, memorandum or agreement shall have expired in accordance with its own terms or there shall have been filed with the Department of Public Safety a full release thereof."

We, therefore, answer your first question in the negative. The Department of Public Safety cannot accept a second lease on the same motor vehicle covering intrastate operations until the first lease has expired or been released.

Your second question we interpret to apply to commodities and transportation for hire in interstate commerce only. In relation to such interstate operations the Texas Supreme Court has held as follows:

"Under the Constitution of the United States the power of Congress to regulate interstate commerce is supreme. (Cases cited.) In the exercise of that power the Federal Motor Carrier Act was passed, and all existing state laws in conflict therewith were superseded. (Cases and authorities cited.) This insures uniformity of regulation. It is quite obvious that many conflicts would occur, and that much confusion would follow if the different states had the power to regulate interstate commerce independent of the power of Congress . . . ."

The Court continues further on:

"Supreme control over the operation of interstate commerce was assumed by the Federal Motor Carrier Act." Railroad Commission of Texas v. Querener, 150 Tex. 490, 242 S.W.2d 166 (1951).

The Interstate Commerce Commission has in Ex parte No. MC-43 under authority of 49 U.S.C. 304, part 207, promulgated certain rules and regulations covering the lease and interchange of vehicles. Under these rules and regulations a lessee may in certain instances be considered as an "owner." As such owner he may sublease, under the rules set out by the Interstate Commerce Commission, to other authorized carriers during the duration of the ownership. Section 207.4 (4) (I), Ex parte No. MC-43. This would involve a two-lease situation and as such would be in violation of Article 6701c-1, Vernon's Civil Statutes, if such statutes contemplated the regulation of interstate commerce. Article 6701c-1 was originally enacted by the Legislature in 1953, long after the Federal Government by the Interstate Commerce Act had pre-empted regulation of motor transportation for hire in interstate commerce. The Legislature must have considered this fact when enacting Article 6701c-1 and obviously did not mean to pass a statute which would be unconstitutional because it invaded the field of interstate commerce already pre-empted by federal legislation. The State Act must be interpreted to make it constitutional and valid if by any reasonable construction the enactment can be sustained. 39 Tex.Jur. 206, Statutes, Sec. 111, and cases there cited. This office is therefore, of the opinion that the term "registered owner" as used in Article 6701c-1 means, for interstate commerce transportation, the "owner" as recognized by the Interstate Commerce Commission. Ex parte MC-43, Section 207.4 (a) (4) (I) provides:

"Lessee may be considered as owner. Provision may be made therein for considering the lessee as the owner for the purpose of subleasing under these rules to other authorized carriers during such duration."

To answer your second question literally, the Department of Public Safety could not accept for filing the second lease. However, if the first lease from A to B had not been filed and the Department was furnished with satisfactory evidence of compliance with Ex parte MC-43 the Department would be

authorized to consider the person recognized by the Inter-
state Commerce Commission as the owner, for purposes of
Article 6701c-1. The lessee (person operating the vehicle),
however, would be required to satisfy the requirements of
Article 6701c-1 by furnishing the Department of Public Safety
with a copy of the lease between the "owner" as recognized
by the Interstate Commerce Commission and the lessee actually
using the equipment. Such lease and leasing transaction would
have to comply with the terms and provisions of Article 6701c-1.

We are aware that this office in Opinion No. S-117,
dated December 23, 1953, held in part as follows:

> "Article 6701c-1, V.C.S., applies to all
> operations of commercial motor vehicles and
> truck-tractors, except to the operations there-
> in specifically exempted, when the operator
> thereof is not the registered owner of such
> vehicle, or his agent, servant or employee,
> regardless of the character of the operation
> as being private or for hire, regulated or
> nonregulated, intrastate or interstate, and
> such application is not violative of the Inter-
> state Commerce Clause of the Constitution of
> the United States."

Insofar as the quoted holding conflicts with this opinion on
the question of leases on commercial vehicles in interstate
commerce is governed by Ex parte MC-43, Opinion No. S-117 is
overruled.

You asked in your third question whether the Depart-
ment can accept for filing a lease in which two lessees are
indicated. Article 6701c-1, as amended by the Legislature
in 1963, contains the following language:

> "Sec. 2. No commercial motor vehicle nor
> any truck-tractor shall be operated over any
> public highway of this State by any person
> other than the registered owner thereof, or
> his agent, servant or employee under the
> supervision, direction, and control of such
> registered owner unless such other person
> under whose supervision, direction and con-
> trol said motor vehicle or truck-tractor is
> operated shall have cause to be filed with
> the Department of Public Safety an executed
> copy of the lease, memorandum, or agreement

under which such commercial motor vehicle or
<u>truck-tractor is being operated. . . .</u>

"Sec. 4.    Such lease, memorandum, or
agreement as required by Section 2 of this
Act shall contain or provide, but shall not
be limited to, . . . (a provision) that the
operation of such vehicle shall be under
the full and complete control and super-
vision of the person other than the regis-
tered owner, . . . ." (Emphasis supplied.)

It therefore, becomes apparent that it would be impossible to
have a commercial vehicle leased to more than one lessee at
any one time in view of the requirement in Section 4 that the
operation of such vehicle shall be under the "full and com-
plete control and supervision" of the person other than the
registered owner operating the vehicle.   No lessee would be
in a position to make this statement if at the time the lease
was entered into it was contemplated that he would "share"
such "full and complete control and supervision" of the
vehicle with another person.   We are therefore, of the opinion
that the Department may not accept for filing, under the pro-
visions of Article 6701c-1, Vernon's Civil Statutes, a lease
of a commercial motor vehicle in which two lessees (separate
business organizations or corporations) are indicated.

## SUMMARY

The Department of Public Safety cannot ac-
cept for filing a lease on a motor vehicle
moving in intrastate commerce as long as there
is a lease on the same motor vehicle on file
which has not expired or been released.

A lease, under interstate commerce rules
and regulations makes the lessee the "owner"
and makes such owner a "registered owner" as
that term is used in Article 6701c-1.   The
said "owner" can then lease the commercial
vehicle for interstate operations and the
lessee of such "owner" of such commercial
vehicle must file the lease under which he
is operating the vehicle as required by
Article 6701c-1.

The Department of Public Safety cannot
accept for filing a lease of a commercial

vehicle under the terms of Article 6701c-1 in which two lessees (separate business organizations or corporations) are indicated.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: _____
Norman V. Suarez
Assistant Attorney General

NVS:aj:br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
James M. Strock
George Gray
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone